IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRENCE HAMMOCK, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-22-1386 |
| GAIL WATTS, <br> RENARD BROOKS, <br> MAJOR ROBERT ALFORD, <br> SGT. G. CARTER, <br> N. KPIKPITSE, <br> MS. ALSTON, <br> MS. JOHNSON, <br> SGT. A. DUPREE, <br> SGT. T. BOND, <br> SGT. CE CARTER, <br> SGT. J. PAIGE, <br> SGT. B. ROSE, <br> SGT. A. KELLY, <br> DR. ZOWIE BARNES, | * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * | |
| Defendants | * | |

***
**MEMORANDUM OPINION**

The above-entitled civil rights complaint was received by this court on June 7, 2022, along with a motion to proceed *in forma pauperis*. ECF No. 2. The complaint purports to be a class-action lawsuit against various officials at the Baltimore County Detention Center ("BCDC") but it has been drafted and filed by Plaintiff Terrence Hammock who designates himself as lead Plaintiff. ECF No. 1. There are eighteen additional plaintiffs listed in the complaint. *Id*. at 2-3. For the reasons stated below, the attempt to file this complaint as a class action must fail and Mr. Hammock will be required to explain why he is asserting these claims when he has filed a substantially similar complaint in the past that is still pending.

Mr. Hammock raises seven claims. The first claim asserts that the Fifth, Eighth, and Fourteenth amendments are being violated by Dietary Sergeant G. Carter, Dietary Officer N. Kpikpitse, Director Gail Watts, Deputy Director Renard Brooks and major Robert Alford because they are allowing "improper food." ECF No. 1 at 4. Mr. Hammock claims that everyday breakfast and dinner are cold and "by law" they are supposed to be hot meals. *Id*. As examples he states that breakfast grits are lumpy, undone, and hard; rotten apples are served regularly, lunchmeat has mouse bites on it, stale bread is served, no wheat bread is offered and "every meal [has] very small portions which is not enough to feed a grown man." *Id*.

Mr. Hammock next claims that the detention center is infested with mice but Defendants Watts, Brooks and Alford are not doing anything to resolve the problem. ECF No. 1 at 5. Mr. Hammock states that "mice comes [sic] in our cells while we're asleep and eat our commissary that our families sent us money to buy which violates our 5th, 8th, and 14th amendments." *Id*. He asserts that Defendants knew about the problem for years "which make[s] them liable for pain and suffering, injury or financial harm." *Id*.

Mr. Hammock also claims his First Amendment right of access to the courts is being violated by library officers Ms. Alston and Ms. Johnson, as well as Defendants Watts, Brooks, and Alford. ECF No. 1 at 5. He bases this claim on the fact that protective custody detainees are not permitted "to physically go to the law library to study their cases." *Id*.

Mr. Hammock also alleges his First amendment right to free exercise of religious beliefs is being violated because he and other protective custody detainees are denied the opportunity to "physically go to service namely, Muslim Jumah services, Indian service, Christianity Service or any other religious services." ECF No. 1 at 6. He explains that a memo has been posted inside

the detention center stating that only general population can go to religious services. *Id*. He asserts that Defendants Watts, Brooks and Alford are liable for implementing this policy. *Id*.

An additional Eighth Amendment claim is asserted by Mr. Hammock in connection with the showers provided to protective custody inmates. ECF No. 1 at 7. Mr. Hammock explains that the showers are not cleaned by the "jail workers who get days and payed [sic] for this." *Id*. He states that the "vents are clogged with piles of fungus, dust and dirt," the showers are infested with "nasty jail flies," and it is causing inmates to break out on their bodies due to the "ordeal." *Id*. He claims that Sgt. T. Bond, Sgt. A. Dupree, Sgt. C.E. Carter, Sgt. A. Kelly, Sgt. B. Rose, Sgt. J. Paige, Director Watts, Deputy Director Brooks, and Major Alford are liable. *Id*. He claims that the problem has existed since February of 2020 and adds that there may also be asbestos in the area. *Id*.

Mr. Hammock claims that protective custody inmates are denied their First Amendment "right to get fresh air." ECF No. 1 at 7-8. He claims that they are not given outside recreation or time in the gym for recreation so they can exercise. *Id*. at 8. He alleges that Defendants Watts, Brooks, Alford, Dupree, Bond, Carter, Paige, Rose, and Kelly are liable because they are aware of the deprivation and deliberately disregarded his rights. *Id*.

Lastly, Mr. Hammock alleges there is a lack of adequate medical treatment at the detention center. ECF No. 1 at 8. He states that he, and others at the detention center, were denied medical treatment for spider bites, sciatica, surgery, mental issues, stab wounds from being assaulted by other inmates, diabetes, vision issues, injuries resulting from slippery shower floors. *Id*. He claims that Defendants Dr. Zowie Barnes, Watts, Brooks, Bond, Rose and Alford are liable for the denial of medical care because they knew about the lack of medical care and did nothing to fix any of the

3

problems or to address the medical needs of the plaintiffs. *Id.* As relief, Mr. Hammock seeks injunctive and declaratory relief as well as monetary damages. ECF No. 1 at 9.

This is the second civil rights complaint filed by Mr. Hammock alleging substantially the same allegations raised here. *See Hammock v. Watts, et al*., Civil Action TDC-22-482 (D. Md. 2022) (hereinafter "*Hammock I*"). In that complaint Mr. Hammock alleged that the food served at BCDC is cold and of poor quality; his right to practice his religion has been curtailed; he has inadequate access to the law library; he was housed in the same unit as COVID-19 positive inmates; he has received inadequate medical care for specified conditions; and he did not receive commissary items although he paid for them. *Id*. at ECF No. 1. The current complaint appears to be an attempt to litigate these claims twice; once on behalf of Mr. Hammock himself and once on behalf of Mr. Hammock and other inmates. Both the attempt to file these claims as a class action and the attempt to litigate the claims twice are problematic.

First, Mr. Hammock may not file a class action. The complaint has not been filed by an attorney and Mr. Hammock, as a self-represented litigant, is barred from instituting a class action whereby he would be representing others. *Myers v. Loudon County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). While the remaining listed plaintiffs are free to file separate actions on their own behalf, they may not proceed in this case.

Secondly, plaintiffs are generally not permitted to litigate a case in separate civil actions when the later suit raises claims that could have been filed in an earlier proceeding. Mr. Hammock will be directed to show cause why the claims asserted in this complaint were not raised in *Hammock I* or why he should not be required to move for leave to amend in the earlier case to add any additional claims or name further defendants. "Like res judicata, claim splitting 'prohibits a

4

plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Myers v. Colgate–Palmolive Co.,* 102 F.Supp.2d 1208, 1224 (D. Kan. 2000) (internal citations omitted).  Thus, when a suit is pending in federal court, a plaintiff has no right to assert another action 'on the same subject in the same court, against the same defendant at the same time.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp.2d 621, 626 (D. Md. 2006), *aff'd,* 273 F.App'x 256 (4th Cir. 2008) quoting *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138–39 (2nd Cir. 2000).

    Mr. Hammock is forewarned that failure to provide an explanation regarding the claims raised in *Hammock I* and the claims raised in this complaint will result in the dismissal of this complaint without further notice and without prejudice.

    A separate Order follows.

August 29, 2022                                                                                _____/s/_____
                                                                                            DEBORAH K. CHASANOW
                                                                                            United States District Judge