IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRENCE HAMMOCK, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-22-1386 |
| GAIL WATTS, | * | |
| RENARD BROOKS, | | |
| SGT. G. CARTER, | * | |
| N. KPIKPITSE, | | |
| MS. ALSTON, | * | |
| MS. JOHNSON, | | |
| SGT. A. DUPREE, | * | |
| SGT. T. BOND, | | |
| SGT. CE CARTER, | * | |
| SGT. J. PAIGE, | | |
| SGT. B. ROSE, | * | |
| SGT. A. KELLY, | | |
| DR. ZOWIE BARNES, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This court issued a Memorandum Opinion and Order on August 29, 2022, requiring Plaintiff Terrence Hammock to show cause "why the claims asserted in this complaint were not raised in *Hammock v. Watts, et al.*, Civil Action TDC-22-482 (D. Md. 2022) [hereinafter *Hammock I*] or why he should not be required to move for leave to raise any additional claims in that action." ECF No. 4, ¶ 2. This court explained that this complaint appeared to be an attempt to re-litigate the claims already raised in *Hammock I* where he alleged that the food served at BCDC is cold and of poor quality; his right to practice his religion has been curtailed; he has inadequate access to the law library; he was housed in the same unit as COVID-19 positive inmates; he has received inadequate medical care for specified conditions; and he did not receive commissary items although he paid for

them.  *Id*. at ECF No. 1.  Mr. Hammock has filed his response to the court's Order.  ECF No. 5.  For the reasons that follow, this complaint must be dismissed.

In his response to this court's Order, Mr. Hammock simply states that "he didn't really have any knowledge of the new issues at first" and explains that that is why he did not include them in *Hammock I*.  ECF No. 5.  Mr. Hammock includes only one claim in this complaint that he did not raise in *Hammock I* and, with the exception of one Defendant[1] named in this complaint, the parties are the same in both cases.  He asserts in this complaint that inmates who are confined to the protective custody housing unit are not permitted to go outdoors and they receive inadequate opportunities to exercise.  ECF No. 1 at 7-8.  The remaining claims raised in this case are simply generalized claims reflective of those raised in *Hammock I*.  For example, in this case Mr. Hammock asserts that inmates at Baltimore County Detention Center receive inadequate medical care for spider bites, sciatica, surgery, mental health issues, stab wounds, diabetes, vision, and injuries due to slippery shower floors.  ECF No. 1 at 7-8.  In *Hammock I*, Mr. Hammock alleged that he has not received surgery to remove remaining pieces of a broken hernia filter and for an injury to his eye.  *Hammock I*, ECF No. 1 at 7-8, 11-12.  Because Mr. Hammock's attempt to file the instant complaint as a class action lawsuit has been denied, it would appear that any amendment to this complaint would in fact result in the same or substantially the same claims being litigated twice.

As explained in the court's prior Memorandum Opinion, a party may not litigate claims in a piecemeal fashion.  While a party is not barred from bringing claims related to, or that arise out of the prior lawsuit, where the claims raised later could not have been raised in the original suit, such is not the case here.  *See Lawlor v. Nat'l Screen Service Corp*., 349 U.S. 322 (1955).  Further,

---

[1]     Mr. Hammock names Deputy Director Renard Brooks as a Defendant in this case but does not include him in the list of defendants named in *Hammock I*.  ECF No. 1 at 4.

there is no evidence that the alleged violations of Mr. Hammock's constitutional rights as stated in this complaint, concern a different frame of time than those alleged in *Hammock I*.  Indeed, Mr. Hammock filed numerous "updates" on the claims raised in *Hammock I*, as recently as August 29, 2022.  *Hammock I* at ECF No. 36, *see also* ECF Nos. 11, 12, 14, 15, 18, 31, 33 and 34 (supplemental complaints).  Mr. Hammock's failure to demonstrate that the claims raised in this complaint could not, or were not, raised in his prior lawsuit requires dismissal of the complaint without prejudice.

A separate Order follows.

September 19, 2022

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge

3